IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-10001-01-WEB |
| | ) | |
| BRENDA K. PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Memorandum and Order**

This matter came before the court on July 1, 2010, and on July 12, 2010, for hearings on the defendant's objection to the Presentence Report and for sentencing. This written memorandum will supplement the oral rulings made by the court in these course of these hearings.

1. ***Def.'s Objection*** - Defendant objects to the Presentence Report's calculation that she owes restitution in the amount of $248,952.09 as a result of the offense. According to the PSR, defendant's conduct caused the victim, Cohen-Esrey, to suffer to following losses: $160,233.67 in reimbursement to HUD; $31,763.42 for investigative expenses; and $56,955 for reimbursing HJS Realty (including $30,808 for "vacancy loss" and $26,147 for "rent loss") as a result of damages suffered by the owner of Quail Ridge Apartments as a result of defendant's conduct. Defendant initially objected to the $31,763.42 for investigative expenses, but subsequently withdrew that objection after receiving further documentation from the Government. Defendant objects to the inclusion of any amount for "rent loss," arguing that rents not paid by tenants after defendant was terminated from employment are not directly related to Ms. Phillips' conduct.

Alternatively, she argues that Cohen-Esrey made a mathematical error in calculating rent loss, with the amount overstated by $10,160.  As for vacancy loss – i.e., amounts lost by reason of eviction of tenants who would not have qualified to live at Quail Ridge but for defendant's scheme – defendant argues that any loss should be limited to a three-month period following Ms. Phillips' termination, rather than the 10-month period claimed by the victim.  Finally, defendant argues that, as noted by CPA Fred Puthoff, a $10,804.40 "write-off" loss claimed by Cohen-Esrey should not be included in restitution because the record shows Cohen-Esrey received a check for that loss on December 21, 2007.

"The MVRA provides that, for certain crimes, 'the court shall order ... that the defendant make restitution to the victim of the offense.'" *United States v. Speakman*, 594 F.3d 1165, 1169 (10th Cir. 2010) (citing 18 U.S.C. § 3663A(a)(1)).  Defendant does not challenge the PSR's finding that defendant's offense is subject to the MVRA.  Based on the information presented, the court finds that Cohen-Esrey was a victim of the defendant's offense, and that it directly and proximately suffered loss in the amount of $227,977.69 as a result of defendant's conduct.  The court finds that the following items are properly included in restitution: $160,223.67 for reimbursement of HUD; $30,808 for vacancy loss, which the court finds is attributable to the defendant's scheme; $15,987 for rent loss attributable to the scheme (which reflects a $10,160 reduction for mathematical error, as noted by Mr. Puthoff); $31,763.42 for investigative expenses incurred by Cohen-Esrey; and a *reduction* of $10,804.40 to reflect Cohen-Esrey's receipt of a payment on Dec. 21, 2007, apparently offsetting any "write-off" loss in that amount. Thus, the court finds that the total amount of restitution owed by defendant is $227,977.69.

    2. ***Def. Motion for Departure or Variance***.   Defendant argues that a sentence of

probation with conditions of home confinement is warranted under the factors of 18 U.S.C. § 3553(a). Among other things, defendant argues that she used part of the proceeds from the offense to help her daughter, who was diagnosed with cancer in 2003 and who died in August 2006. She notes that she had difficult family circumstances and that her daughter's illness caused her to suffer depression. Defendant notes that the Presentence Report lists her numerous health problems, including blood clots that require her to take a blood thinner; sleep apnea, which requires her to use a breathing machine to sleep; high blood pressure; and other conditions. Defendant also contends that her previous criminal history is limited in nature, and that there is a low risk of recidivism for defendants her age. She contends that home confinement would be appropriate given her age and health problems. She also points out that home confinement would be more cost-effective than imprisonment. Defendant further argues there are grounds for a departure to probation pursuant to §5H1.1 and §5H1.4, based upon the defendant's age and her physical condition.

As defendant recognizes, in deciding whether to "depart" from the applicable guideline range the guidelines specifically discourage consideration of factors such as a defendant's age and physical condition, except in unusual circumstances. The court cannot find that these factors are present to such an extraordinary degree in this case that they warrant a departure from the sentencing guidelines. Of course, the sentencing guidelines are advisory, and pursuant to 18 U.S.C. § 3553(a) the court is directed to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in the statute. After considering the factors in Section 3553, the court finds that a sentence at the low end of the advisory guideline range is appropriate. The defendant's conduct occurred over a period of several years

and involved an extensive pattern of fraud.  As defendant recognizes, it was not a spur-of-the-moment decision, but a premeditated course of conduct that caused significant harm.  The court concludes that a sentence of imprisonment, rather than probation, is necessary to reflect the seriousness of the offense, to provide adequate deterrence, and to avoid unwarranted disparities among defendants with similar records who are found guilty of similar offenses.

The court recognizes that the defendant has significant health problems, and that her condition requires follow up medical care.  The court concludes that the Bureau of Prisons is equipped to provide adequate medical care to the defendant.

*Conclusion*.

Defendant's objection to the amount of restitution in the PSR is GRANTED IN PART and DENIED IN PART.  Defendant's request for a departure or variance is DENIED.  The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.  IT IS SO ORDERED this 12th Day of July, 2010, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge